IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| GLENN ROYCE FAVRE, | § | CASE NO. 08-85264-mhm |
| | § | |
| Debtor. | § | Discharged; Closed Case |

| | | |
|---|---|---|
| GLENN ROYCE FAVRE; | § | |
| ALAN SCOTT BENNETT; | § | |
| BERNICE AND DARRYLL GRIFFIN; | § | |
| JOHN A. STOKES; | § | |
| DALE CAPELOUTO, | § | |
| | § | HONORABLE MARGARET MURPHY |
| Plaintiffs, | § | |
| | § | ADVERSARY PROCEEDING |
| v. | § | |
| | § | |
| SUNTRUST BANKS HOLDINGS, | § | NO. 09-9069 |
| et al.; FIDELITY NATIONAL | § | |
| FINANCIAL GROUP, et al.; | § | |
| GOLDMAN SACHS HOLDINGS, | § | |
| INC., et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**SUNTRUST MORTGAGE, INC.'S and SUNTRUST BANKS, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO
DISMISS ADVERSARY PROCEEDING FOR FAILURE TO
STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

COME NOW, SUNTRUST MORTGAGE, INC. (hereinafter, "SunTrust

Mortgage") and SUNTRUST BANKS, INC. (hereinafter, "SunTrust Bank(s)")

(collectively, SunTrust Mortgage and SunTrust Bank(s) are hereinafter referred to

as "SunTrust"),[1] by and through their undersigned counsel, by special limited appearance and preserving all defenses, and file this Memorandum of Law in Support of Their Motion to Dismiss Adversary Proceeding for Failure to State a Claim Upon Which Relief Can be Granted (hereinafter, the "Motion to Dismiss" or, alternatively, the "Motion"), respectfully showing this honorable Court the following:

## PRELIMINARY STATEMENT

SunTrust, by special limited appearance, seeks dismissal of the Adversary Complaint as against SunTrust Mortgage, SunTrust Bank(s), any related SunTrust entity, and any SunTrust agent or employee including, but not limited to, Penelope Anderson, Tina Fisher, Esq., Raymond Fortin (hereinafter, "Mr. Fortin"), William ("Bill") Galipeau, Monica Gilroy, Esq., Alice Huneycutt, Esq., Eugene ("Gene") Snyder, Larry Washichek, Page Whaley, and Richard ("Rich") Willits, if, in fact, it

---

[1] "SunTrust Banks Holdings", one of the named Defendants in the above-captioned adversary proceeding, is not a legal entity. The initial pleading filed by Plaintiff Glenn Royce Favre (a/k/a Glenn R. Favre) (hereinafter, "Mr. Favre" or, alternatively, the "Plaintiff" or the "Debtor"), entitled "Complaint [for Violations of TILA, RESPA, Reg. Z, Civil RICO, SEC, CFTC, Malice, Negligent Misrepresentation, Intent to Defraud Consumers, Civil False Claims]" [sic] (hereinafter, the "Adversary Complaint" or, alternatively, the "Complaint"), in addition to "SunTrust Banks Holdings", also vaguely refers to purported acts and/or omissions allegedly committed by SunTrust Mortgage, SunTrust Bank, individually named SunTrust employees and agents, and other SunTrust related entities.

is the intent of the Plaintiff(s) to seek relief against the same. SunTrust, through counsel, submits that the Court should dismiss this adversary action on the grounds, *inter alia*, that (i) Mr. Favre has failed to properly serve a real legal entity with Summons and a copy of the Complaint as required by FED. R. CIV. P. 4 and FED. R. BANKR. P. 7004; (ii) the Court has no personal jurisdiction over SunTrust; (iii) the Court lacks subject matter jurisdiction over the claim(s) at issue in this adversary proceeding; and (iv) the Adversary Complaint fails to state any claim whatsoever against SunTrust upon which relief can be granted.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

This Court is familiar with the facts relevant to SunTrust's Motion, as these facts have been set forth previously in SunTrust Mortgage's Motion for Relief From the Automatic Stay filed in the underlying (now closed and discharged) Chapter 7 Bankruptcy Case filed by the Plaintiff (hereinafter, the "Motion for Relief"). [*In re: Glenn Royce Favre*; Case No. 08-85264 (Bankr. N.D. Ga. April 7, 2009) (hereinafter, the "Bankruptcy Case")]. [Bankr. Docket No. 26]. In the interest of judicial economy and the Court's time and resources, SunTrust, through counsel, submits the following pertinent facts and procedural history in support of this Motion for this honorable Court's consideration.[2]

---

[2] For purposes of the instant Rule 12(b)(6) Motion, well-pleaded factual allegations of the Adversary Complaint must be accepted as true. FED. R. CIV. P.

**The SunTrust Mortgage Loan**

This adversary proceeding apparently arises from Mr. Favre's investment in realty located in Florida, which real property is more commonly known as 1914 East Columbus Drive, Tampa, Hillsborough County, Florida (hereinafter, the "subject property" or, alternatively, the "Property"). On or about August 8, 2005, Mr. Favre obtained a loan from SunTrust Mortgage in the amount of Two Hundred Forty-Eight Thousand Dollars ($248,000.00) for the construction of a single-family residence on the subject property (hereinafter, the "financing transaction" or, alternatively, the "Loan"). *Please see* Motion for Relief [Bankr. Docket No. 26] at pp. 2-3, ¶¶ 4-7; *please see also* Debtor's Voluntary Petition [Bankr. Docket No. 1], Schedule A – Real Property, and Schedule D – Creditors Holding Secured Claims.[3]

---

12(b) and FED. R. BANKR. P. 7012(b). SunTrust, through counsel, summarizes the allegations relevant to the Motion to Dismiss in this section. However, the allegations, as summarized herein, are assumed to be true *solely* for purposes of this Motion, and their recitation herein should not be deemed to be an admission by SunTrust.

[3] SunTrust Mortgage's secured claim was identified as a "First Mortgage / Construction Loan" and a "business debt" valued at One Hundred Fifty-Three Thousand Dollars ($153,000.00) at the time the Bankruptcy Case was filed. *Please see* Debtor's Voluntary Petition, *supra.*, at Schedule D – Creditors Holding Secured Claims. The full amount of SunTrust Mortgage's secured claim was stated as Two Hundred Fifty Thousand Dollars ($250,000.00), of which Ninety-Seven Thousand Dollars ($97,000.00) was determined [by the Debtor] to be unsecured. Id.

4

The residence was to be constructed by Urban Craftsman Homes of Florida, LLC. *Please see* Motion for Relief, *supra.*, at p. 3, ¶ 5.

To evidence this financing transaction, Glenn R. Favre executed and delivered to SunTrust Mortgage an Adjustable Rate Note, dated August 8, 2005, in the original principal amount of Two Hundred Forty-Eight Thousand Dollars ($248,000.00) (hereinafter, the "Note").[4] *Please see* Motion for Relief [Bankr. Docket No. 26] at pp. 2-3, ¶ 5, and Exhibit "A" thereto. The Note contained a Construction Allonge, also dated August 8, 2005, providing for monthly interest payments after principal is advanced and continuing each month thereafter during the Construction Period, as defined in the Construction Allonge. Id. at p. 3, ¶ 6, and Exhibit "A" thereto. The Note was secured by a Mortgage, supplemented and modified by an Adjustable Rate Rider and a Construction Loan Rider, all dated August 5, 2005 and executed and delivered by Glenn R. Favre, conveying the Property to SunTrust Mortgage to secure repayment of the Loan (hereinafter, the "Mortgage"). Id. at p. 3, ¶ 7, and Exhibit "B" thereto.[5] The Mortgage was recorded on August 8, 2005 in Official

---

[4] Mr. Favre was represented at the closing on August 8, 2005 by A. Keith Sanders (a/k/a Andre Keith Sanders, a/k/a Keith Sanders), acting under Power of Attorney for Real Estate, as Mr. Favre's attorney in fact for the financing transaction. Florida Title Insurance, LLC (located in Tampa, Florida) was the settlement agent for the Loan closing.

[5] Mr. Favre refers, albeit vaguely, to the Note and Mortgage in the Adversary Complaint, and such documents are integral to his claims against the

Records Book 15401, Page 795 of the public records of Hillsborough County, Florida. Id.[6] Also in connection with the financing transaction, Chicago Title Insurance Company (hereinafter, "Chicago Title") issued the Lender [SunTrust Mortgage] a policy of insurance on the title to the Property (hereinafter, the "Lender's Policy"); Chicago Title is a title insurance underwriter of Fidelity National Title Group, Inc.[7] No owner's title insurance policy was issued [to Mr. Favre] in connection with the financing transaction.

Mr. Favre subsequently defaulted on the Loan by failing to pay the interest installments due under the terms of the Note and Mortgage, having last paid interest on January 28, 2008. *Please see* Motion for Relief [Bankr. Docket No. 26] at p. 4, ¶ 10. Based upon Mr. Favre's default, and pursuant to its rights under the Mortgage, SunTrust Mortgage accelerated the debt and referred the delinquent Loan to a

---

named Defendants in the Complaint; therefore, this Court may consider the Note and Mortgage without converting this Motion to Dismiss into a Motion for Summary Judgment.

[6] A court may take judicial notice of public records in considering a motion to dismiss. *See* Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1280 (11th Cir. 1999), *rev'd and remanded on other grounds* Bryant v. Dupre, 252 F.3d 1161 (11th Cir. 2001). *See also* Stahl v. U.S. Dep't of Agriculture, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss.").

[7] "Fidelity National Financial Group", one of the named Defendants in the above-captioned adversary proceeding, is not a legal entity.

Florida law firm to initiate judicial foreclosure proceedings on the Property in August 2008.[8]

**The Bankruptcy Case**

Upon information and belief, Mr. Favre filed his voluntary petition under Chapter 7 of the Bankruptcy Code (the Bankruptcy Case) on or about December 9, 2008 in order to stop the Florida foreclosure. SunTrust was first notified of the Bankruptcy Case on or about December 24, 2008.

As evidenced by Mr. Favre's sworn statements in his petition and schedules, Mr. Favre surrendered the Property at the outset of the Bankruptcy Case. *Please see* Debtor's Voluntary Petition [Bankr. Docket No. 1], Schedule A – Real Property; *please see also* Id., Individual Debtor's Statement of Intention. Following the Section 341 Meeting(s) of (Chapter 7) Creditors conducted by the Chapter 7 Trustee (hereinafter, the "Trustee"), it further became apparent there was a high probability the Trustee would subsequently abandon the subject property.

On March 23, 2009, the Trustee filed the Chapter 7 Trustee's Report of No Distribution [from the bankruptcy estate] (hereinafter, the "Report"), as evidenced by the Court's docket for the Bankruptcy Case, which Report specifically provided

---

[8] *SunTrust Mortgage, Inc. v. Glenn R. Favre and Cox Lumber Co., et al.;* Case No. 08-CA-017979 (Circuit Court of the 13th Judicial Circuit of Florida, Hillsborough Co, Fla.) (hereinafter, the "Florida foreclosure action" or, alternatively, the "Florida foreclosure").

for the abandonment of certain assets held by Mr. Favre, including the subject
property. The Property at issue in this adversary proceeding was abandoned by the
Chapter 7 Trustee.

Although no Motion for Relief from the [§ 362(d)] Automatic Stay was
necessary for SunTrust Mortgage to move forward with the Florida foreclosure
action against the abandoned Property, SunTrust Mortgage filed its Motion for
Relief, out of an abundance of caution, on March 23, 2009, and a hearing on such
Motion was scheduled for April 7, 2009. [Bankr. Docket No. 26].

On April 7, 2009, this Court, *sua sponte*, entered an Order Discharging the
Debtor [Mr. Favre] and Closing the Estate (hereinafter, the "Discharge Order").
[Bankr. Docket No. 30]. The Discharge Order was entered prior to scheduled
hearings on several pending Motions for Relief, including that of SunTrust
Mortgage.

Subsequently, in his continuing efforts to avoid judicial foreclosure of the
abandoned Property,[9] Mr. Favre filed an "Emergency Motion for Injunctive Relief
and Summary Judgment" against SunTrust Mortgage (the "Emergency Motion") in
the *closed* Bankruptcy Case on October 13, 2009. [Bankr. Docket No. 32]. By Order

---

[9] The Florida foreclosure action remains pending.

8

entered October 22, 2009, the Court denied the Emergency Motion. [Bankr. Docket

No. 40].

## The Adversary Proceeding

Mr. Favre filed the instant adversary proceeding in the *closed* Bankruptcy

Case on October 14, 2009,[10] naming as Defendants, *inter alia*, "SunTrust Banks

Holdings, et al." (*please see* n.1, *supra*.); "Fidelity National Financial Group, et al."

(*please see* n.7, *supra*.); and "Goldman Sachs Holdings, Inc., et al.".[11] [Bankr. Docket

No. 33; Docket No. 1]. Although Mr. Favre is purportedly asserting that the claims

alleged and the relief sought in the Complaint are also on behalf of Alan Scott

Bennett (hereinafter, "Mr. Bennett")[12] and, by association, "Favre and Bennett,

---

[10] This case is one of *nine (9)* adversary proceedings filed by Mr. Favre *after* the close of the Bankruptcy Case, the closing of the bankruptcy estate, and the Debtor's discharge on April 7, 2009. *Please see* Discharge Order, *supra*. Seven (7) of these adversary proceedings, includng the matter at bar, were filed within a three (3)-day period.

[11] Apparently, "Goldman Sachs Holdings, Inc." is not a legal entity either. *Please see* The Goldman Sachs Group, Inc.'s Motion for an Extension of Time to Respond. [Docket No. 12].

[12] In addition to "Favre and Bennett, LLC", Mr. Bennett is a member, with Mr. Favre, in several Florida limited liability companies, each of which was formed for the sole purpose of Mr. Favre's and Mr. Bennett's respective speculative investment in Florida realty. All of these Florida LLCs [*i.e.*, 1816 15th Ave., LLC; 1914 Columbus Drive, LLC; and Lot 14 Essex, LLC] have been administratively dissolved. *Please see* Debtor's Voluntary Petition [Bankr. Docket No. 1] at p. 14 [**18. Nature, location and name of business**].

LLC",[13] as well as Bernice and Darryll Griffin (collectively, hereinafter, the "Griffins"),[14] John A. Stokes (hereinafter, "Mr. Stokes"),[15] and Dale Capelouto (hereinafter, "Mr. Capelouto"),[16] only Mr. Bennett has actually "signed" the Complaint. *Please see* Amended Complaint [Docket No. 10].

## ARGUMENT AND SUPPORTING AUTHORITY

Initially, SunTrust submits that the Complaint should be dismissed as to purported Plaintiffs Alan Scott Bennett, Bernice and Darryll Griffin, John A. Stokes, and Dale Capelouto.  Not one of these individuals has standing in the instant Adversary Proceeding.  Moreover, only Mr. Bennett has actually "signed" the Complaint filed by Mr. Favre. Since it does not appear that Plaintiff Glenn Royce Favre (a/k/a Glenn R. Favre) is a licensed attorney in the State of Georgia, he cannot

---

[13] According to the official corporation records of the Georgia Secretary of State, Favre and Bennett, LLC (a/k/a Favre & Bennett, LLC) is a Georgia limited liability company. *Please see also* Debtor's Voluntary Petition, *supra.*, at p. 14 [**18. Nature, location and name of business**]; *please see also* n.12, *supra.*

[14] The Griffins, specifically Bernice Griffin, were also engaged in speculative Florida real estate investment(s).

[15] Mr. Stokes is a member, with Messrs. Favre and Bennett, in 1816 15th Ave., LLC, one of the Florida LLCs. *Please see* n.11, *supra.*; *please see also* Debtor's Voluntary Petition, *supra.*, at p. 14 [**18. Nature, location and name of business**].

[16] Mr. Capelouto is Mr. Favre's partner in, *inter alia*, Top to Bottom Renovations, LLC and Well Hung Galleries, Inc., both of which are Georgia corporations according to the official corporation records of the Georgia Secretary of State. *Please see* Debtor's Voluntary Petition, *supra.*, at p. 14 [**18. Nature, location and name of business**].

10

represent Messrs. Bennett, Stokes and Capelouto, nor can he represent the Griffins, as such would be the unauthorized practice of law. SunTrust further submits that Mr. Favre lacks standing to raise the claims asserted in this adversary proceeding given the close of his Chapter 7 Bankruptcy Case, the closing of the bankruptcy estate, and Mr. Favre's discharge on April 7, 2009.

Notwithstanding the foregoing, the Adversary Complaint sets forth a series of incomprehensible allegations and assertions against the multiple named (but non-existent) Defendants for conspiracy, fraud, and for violations of, *inter alia*, the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"); Regulation Z, 12 C.F.R. §§ 226.1 *et seq.* ("Reg. Z"); and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq.* ("RESPA"). Mr. Favre, who is appearing *pro se*, also seeks to recover actual and statutory damages, damages for his purported pain and suffering, attorney fees, and court costs pursuant to the named Defendants' alleged violation(s).

Although Mr. Favre has failed to properly serve any legal entity in this adversary action and, thus, this matter is subject to dismissal under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5), and Federal Rules of Bankruptcy Procedure 7012(b)(2) and 7012(b)(5)[17], the Court does not need to reach that issue in its

---

[17] SunTrust, through counsel, specifically reserves the right to raise the affirmative defense(s) of, *inter alia*, lack of personal jurisdiction, insufficiency of service, and insufficiency of service of process at a later date.

consideration of the present Motion. As shown below, Mr. Favre has failed to state

any cause of action against SunTrust upon which relief may be granted.

Accordingly, SunTrust submits that this Court should dismiss all claims raised by

the Plaintiff against the non-existent entity identified as "SunTrust Banks Holdings"

in this adversary proceeding.

## A.    THE STANDARD FOR DISMISSAL.

Federal Rule of Civil Procedure 12(b)(6), made applicable in adversary

proceedings by Federal of Bankruptcy Procedure 7012(b)(6), provides that a

complaint may be dismissed for failure to state a claim upon which relief can be

granted if it appears that the plaintiff can prove no set of facts in support of the

claim(s) entitling the plaintiff to relief. Haines v. Kerner, 404 U.S. 519 (1975); Conley

v. Gibson, 351 U.S. 41 (1957).  "[The Court] accept[s] as true the allegations in

Plaintiff's complaint, and construe[s] the facts in the light most favorable to the

Plaintiff."  Neal v. Fulton County Board of Eduction, 229 F.3d 1069, 1072 (11th Cir.

2000) [Cit. omitted.].

## B.    THE ADVERSARY COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6) AND FED. R. BANKR. P. 7012(b)(6).

The Complaint in this adversary proceeding, on its face, fails to state a

comprehensible claim against any named Defendant upon which relief can be

granted and, therefore, the Adversary Complaint should be dismissed. FED. R. CIV.

P. 12(b)(6) and FED. R. BANKR. P. 7012(b)(6).  It is appropriate to dismiss a case

pursuant to Federal Rule of Civil Procedure 12(b)(6) if it is clear "beyond doubt that

the plaintiff can prove no set of facts in support of his claim which would entitle him

to relief." Conley, 355 U.S. 41, 45-46. *See also* Williams v. Alabama State Univ., 102

F.3d 1179, 1182 (11th Cir. 1997) ("In deciding whether the complaint states a claim

[the Court] accept[s] all well-pleaded facts in the complaint as true and draw[s] all

inferences in the plaintiff's favor."); Miccosukee Tribe of Indians of Fla. v. So.

Everglades Restoration Alliance, 304 F.3d 1076, 1084 (11th Cir. 2002) (Any

ambiguities are construed in the plaintiff's favor.).  Where, as here, a litigant is

proceeding *pro se*, the Court must also be guided by the principle that a "document

filed *pro se* is 'to be liberally construed,' ... , and 'a *pro se* complaint, however

inartfully pleaded, must be held to less stringent standards than formal pleadings

drafted by lawyers.'" Erikson v. Pardus, 551 U.S. 89 (2007), *quoting* Estelle v.

Gamble, 429 U.S. 97, 106 (1976); *see also* Mederos v. United States, 218 F.3d 1252, 1254

(11th Cir. 2000) (Discussing that *pro se* filings are entitled to liberal construction).

Nevertheless, "conclusory allegations and unwarranted deductions of fact are not

admitted as true in a motion to dismiss." Farrell v. Time Service, Inc., 178 F. Supp.

2d 1295 (N.D. Ga. 2001) (Citations omitted).

Further, the Federal Rules of Civil Procedure and the Federal Rules of Bankrutpcy Procedure require that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2) and FED. R. BANKR. P. 7008(a)(2). "[A] pleading [cannot] survive dismissal when it consist[s] of only the barest of conclusory allegations without notice of the factual grounds on which they purport to be based." Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1271 (11th Cir. 2004). While the complaint need not provide detailed factual allegations, it must give sufficient factual allegations "to raise a right to relief above the *speculative* level"; that is, the complaint must give "only enough facts to state a claim to relief that is *plausible on its face*." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 570 (2007) (Emphasis added). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. at 556, n.3.

In the adversary action at bar, Mr. Favre has not set forth in the Complaint any specific *factual* allegation(s) with respect to alleged wrongdoing by *any* legal entity named as a Defendant herein, nor can any construction of the Complaint support a cause of action against any of these non-existent named Defendants. Rather, the Adversary Complaint sets forth a series of vague claims,

14

incomprehensible allegations, and assertions against multiple defendants that, on

its face, fails to state a claim under Twombly, *supra.*, and Ashcroft v. Iqbal, 129 S. Ct.

1937 (2009).  The Complaint consists largely of quotations from various Florida

statutes and does not specify the basis for a claim against *any* named Defendant.

Such unsubstantiated allegations are insufficient to support a claim against

SunTrust, and dismissal of the Complaint in the above-captioned adversary

proceeding is both appropriate and warranted.

### C. THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH FED. R. CIV. P. 8 AND FED. R. BANKR. P. 7008.

Federal Rule of Civil Procedure 8 is applicable in adversary proceedings. FED.

R. BANKR. P. 7008.  As noted above (*please see* Section B, *supra.*), a complaint in an

adversary proceeding must contain "a short and plain statement of the claim

showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2) and FED. R.

BANKR. P. 7008(a)(2).  Further, a pleading which sets forth a claim for relief must

contain "a short and plain statement of the grounds upon which the court's

jurisdiction depends [...]."  FED. R. CIV. P. 8(a)(1) and FED. R. BANKR. P. 7008(a)(1).

Finally, a complaint must contain "a demand for judgment for the relief the the

pleader seeks."  FED. R. CIV. P. 8(a)(3) and FED. R. BANKR. P. 7008(a)(3).

While "[a]ny concise statement identifying the remedies and the parties

against whom relief is sought" is sufficient to meet the requirements of Federal Rule

of Civil Procedure 8, compliance with the rule is necessary. *See* Goldsmith v. City of Atmore, 996 F.2d 1155, 1161 (11th Cir. 1993). The court in Goldsmith found that, notwithstanding the "wide latitude generally afforded pro se litigants", the plaintiff's complaint was insufficient to support a civil action where the pro se plaintiff failed to include a concise statement identifying the remedies and the parties against whom relief is sought. Id.

Notwithstanding Mr. Favre's failure to state a cognizable claim against any of the named Defendants upon which relief can be granted (*see* Section B, *supra*.), the Complaint in the instant adversary action fails to set forth the grounds upon which this Court's jurisdiction depends. FED. R. CIV. P. 8(a)(1) and FED. R. BANKR. P. 7008(a)(1). Nor does the Adversary Complaint in this action identiy the remedy(ies) sought from the numerous named Defendants in comportment with Federal Rule of Civil Procedure 8(a)(3) and Federal Rule of Bankruptcy Procedure 7008(a)(3). The Complaint herein further fails to demand judgment. FED. R. CIV. P. 8(a)(3) and FED. R. BANKR. P. 7008(a)(3). As such, the Adversary Complaint in the case at bar completely fails to meet the minimum requirements of a pleading. FED. R. CIV. P. 8 and FED. R. BANKR. P. 7008. Accordingly, the Complaint, and this adversary proceeding, should be dismissed.

**D.     THE ADVERSARY COMPLAINT SHOULD BE DISMISSED
UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) AND
12(b)(5), AND FEDERAL RULES OF BANKRUPTCY PROCEDURE
7012(b)(2) AND 7012(b)(5).**

Federal Rule of Civil Procedure Rule 4 and Federal Rule of Bankruptcy

Procedure 4 set out the specific requirements for service of a summons and a copy

of the complaint[18] upon a defendant. FED. R. CIV. P. 4(e) and FED. R. BANKR. P. 4(e).

The serving party (Mr. Favre in the present adversary matter) bears the burden of

proof with regard to its (his) validity or good cause for failure to effect timely

service. <u>Aetna Business Credit v. Universal Decor & Interior Design</u>, 635 F.2d 434,

435 (5th Cir. 1981)[19]; <u>Profit v. Americold Logistics, LLC</u>, 248 F.R.D. 293, 296 (N.D. Ga.

2008); *see also* <u>Systems Signs Supplies v. U.S. Dep't of Justice</u>, 903 F.2d 1011, 1013 (5th

Cir. 1990).

---

[18] SunTrust respectfully requests the Court take judicial notice of the fact,
as noted previously, that purported Plaintiffs Bernice and Darryll Griffin, John A.
Stokes and Dale Capelouto failed to sign the initial pleading in the adversary
matter at bar in clear violation of Federal Rule of Civil Procedure 11, made
applicable in adversary proceedings, and, as such, this Court has the ability to
strike the Complaint in its entirety. FED. R. CIV. P. 11(a) ("Every pleading, written
motion, and other paper *must be signed ... by a party personally* if the party is
unrepresented. The paper must state the signer's address, email address, and
telephone number") (Emphasis added).

[19] The Eleventh Circuit adopted as binding precedent all of the decisions of
the former Fifth Circuit handed down prior to the close of business on September
30, 1981. <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

As stated in detail above, the Adversary Complaint in the case at bar purports

to name "SunTrust Banks Holdings", a non-existent entity (*please see* n.1, *supra*.), as

one of the Defendants herein. Service was attempted by purportedly mailing a copy

of the Complaint to: (i) Raymond Fortin, identified as "General Counsel" of

"SunTrust Banks, Inc. et al." in Atlanta, Georgia;[20] (ii) Monica Gilroy, identified as

"Corporate Counsel" of "SunTrust Bank, Inc., Movant 26" in Alpharetta, Georgia;

(iii) Alice Honeycutt [sic], Esq. and Tina Fisher, Esq.", identified as "SunTrust Bank,

Inc. Corporate Counsel" in Tampa, Florida; and (iv) SunTrust Mortgage, Inc.

Notwithstanding the threshold  issues as to whether a proper entity has been even

named and served, SunTrust submits that Mr. Favre has failed to meet the burden

incumbent upon him to properly serve SunTrust in the instant adversary action.

Where, as here, the plaintiff has failed to properly serve the defendant(s),[21]

this Court lacks personal jurisdiction over SunTrust and this adversary proceeding

is subject to dismissal.  FED. R. CIV. P. 12(b)(2) and 12(b)(5), and FED. R. BANKR. P.

7012(b)(2) and 7012(b)(5).  Given the fact that Mr. Favre has failed to properly serve

---

[20] According to the official corporation records of the Georgia Secretary of State, Mr. Fortin is the Registered Agent for, and Secretary of, SunTrust Banks, Inc.

[21] "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990).

any named Defendant, SunTrust submits that the Adversary Complaint must be dismissed because this Court lacks personal jurisdiction over the named Defendants and, as such, the Court is without the means by which to adjudicate the alleged claim(s) presented in the Complaint.

## CONCLUSION

The initial pleading filed in the instant litigation is both unintelligible and incomprehensible as well as, in many instances, nonsensical. Consequently, it is virtually impossible to discern from this pleading any violation(s) of law which could be deemed cognizable and which would warrant the equally vague remedies Mr. Favre apparently seeks. SunTrust, by and and through counsel and preserving all defenses, respectfully submits that the Complaint in this adversary proceeding fails to state any claim upon which relief can be granted and, accordingly, should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012(b)(6).

For all the foregoing reasons, SUNTRUST MORTGAGE, INC. and SUNTRUST BANKS, INC. respectfully request that this Court grant their Motion to Dismiss and enter an Order dismissing all of Mr. Favre's claims against SunTrust with prejudice, casting all costs against Mr. Favre.

[SIGNATURE FOLLOWS ON NEXT PAGE]

Respectfully submitted this 16th day of November, 2009.

DICKENSON GILROY LLC


/s/   Monica K. Gilroy
MONICA K. GILROY
Georgia Bar No. 427520
**Attorney for SunTrust Mortgage, Inc. and
SunTrust Banks, Inc.**

Corporate Office
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022
Tel:  (678) 280-1922
Fax: (678) 280-1923
Email: Monica.Gilroy@dickensongilroy.com

## CERTIFICATE OF SERVICE

I certify that I am over the age of 18 and that, in accordance with BLR 5005-5 (Bankr. N.D. Ga.), I have this date electronically filed the within and foregoing *SunTrust Mortgage, Inc.'s and SunTrust Banks, Inc.'s Memorandum of Law in Support of Their Motion to Dismiss Adversary Proceeding for Failure to State a Claim Upon Which Relief Can be Granted* in the above-captioned adversary proceeding with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record in this matter, and, further, that I have served the Plaintiff, appearing *pro se*, with a copy of this pleading by placing a true and correct copy of same in the United States Mail, with first-class postage affixed thereto, properly addressed as follows:

Glenn Royce Favre
110 S. Columbia Drive #11
Decatur, Georgia 30030

This 16th day of November, 2009.

/s/   Monica K. Gilroy
MONICA K. GILROY
(Georgia Bar No. 427520)
**Counsel for SunTrust Mortgage, Inc. and
SunTrust Banks, Inc.**

DICKENSON GILROY LLC
Corporate Office
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022
Tel: (678) 280-1922
Fax: (678) 280-1923
Email: Monica.Gilroy@dickensongilroy.com