IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| GLENN ROYCE FAVRE, | § | CASE NO. 08-85264-mhm |
| | § | |
| Debtor. | § | Discharged; Closed Case |

---

| | | |
|---|---|---|
| GLENN ROYCE FAVRE; | § | |
| ALAN SCOTT BENNETT; | § | |
| BERNICE AND DARRYLL GRIFFIN; | § | |
| JOHN A. STOKES; | § | |
| DALE CAPELOUTO, | § | |
| | § | HONORABLE MARGARET MURPHY |
| Plaintiffs, | § | |
| v. | § | ADVERSARY PROCEEDING |
| | § | |
| SUNTRUST BANKS HOLDINGS, | § | NO. 09-9069 |
| et al.; FIDELITY NATIONAL | § | |
| FINANCIAL GROUP, et al.; | § | |
| GOLDMAN SACHS HOLDINGS, | § | |
| INC., et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**FIDELITY NATIONAL TITLE GROUP, INC.'S MEMORANDUM OF
LAW IN SUPPORT OF ITS MOTION TO DISMISS ADVERSARY
PROCEEDING FOR FAILURE TO STATE A CLAIM UPON
WHICH RELIEF CAN BE GRANTED**

COMES NOW, FIDELITY NATIONAL TITLE GROUP, INC. (hereinafter,

"Fidelity"),[1] by and through its undersigned counsel, by special limited appearance

---

[1] "Fidelity National Financial Group", one of the named Defendants in the above-captioned adversary proceeding, is not a legal entity. The initial pleading

and preserving all defenses, and files this Memorandum of Law in Support of its Motion to Dismiss Adversary Proceeding for Failure to State a Claim Upon Which Relief Can be Granted (hereinafter, the "Motion to Dismiss" or, alternatively, the "Motion"), respectfully showing this honorable Court the following:

## PRELIMINARY STATEMENT

Fidelity, by special limited appearance, seeks dismissal of the Adversary Complaint as against Fidelity, any related Fidelity entity, and any Fidelity agent or employee if, in fact, it is the intent of the Plaintiff(s) to seek relief against the same. Fidelity, through counsel, submits that the Court should dismiss this adversary action on the grounds, *inter alia,* that (i) Mr. Favre has failed to properly serve a real legal entity with Summons and a copy of the Complaint as required by FED. R. CIV. P. 4 and FED. R. BANKR. P. 7004; (ii) the Court has no personal jurisdiction over Fidelity; (iii) the Court lacks subject matter jurisdiction over the claim(s) at issue in this adversary proceeding; and (iv) the Adversary Complaint fails to state any claim whatsoever against Fidelity upon which relief can be granted.

---

filed by Plaintiff Glenn Royce Favre (a/k/a Glenn R. Favre) (hereinafter, "Mr. Favre" or, alternatively, the "Plaintiff" or the "Debtor"), entitled "Complaint [for Violations of TILA, RESPA, Reg. Z, Civil RICO, SEC, CFTC, Malice, Negligent Misrepresentation, Intent to Defraud Consumers, Civil False Claims]" [sic] (hereinafter, the "Adversary Complaint" or, alternatively, the "Complaint"), in addition to "Fidelity National Financial Group", also vaguely refers to purported acts and/or omissions allegedly committed by Fidelity employees and agents, and other Fidelity related entities.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Upon information and belief, this Court is familiar with the facts relevant to Fidelity's Motion, as these facts have been set forth previously in numerous motions and briefs filed in the underlying (now closed and discharged) Chapter 7 Bankruptcy Case filed by the Plaintiff on or about December 9, 2008. [*In re: Glenn Royce Favre*; Case No. 08-85264 (Bankr. N.D. Ga. April 7, 2009) (hereinafter, the "Bankruptcy Case")].[2] In the interest of judicial economy and the Court's time and resources, Fidelity, through counsel, submits the following pertinent facts and procedural history in support of its Motion for this honorable Court's consideration.[3]

This adversary proceeding apparently arises from Mr. Favre's investment in realty located in Florida, which real property is more commonly known as 1914 East Columbus Drive, Tampa, Hillsborough County, Florida (hereinafter, the "subject property" or, alternatively, the "Property"). On or about August 8, 2005, Mr. Favre obtained a loan from SunTrust Mortgage, Inc. (hereinafter, "SunTrust Mortgage")

---

[2] *Please see*, specifically, SunTrust Mortgage, Inc.'s Motion for Relief From the Automatic Stay (hereinafter, the "Motion for Relief"). [Bankr. Docket No. 26].

[3] For purposes of the instant Rule 12(b)(6) Motion, well-pleaded factual allegations of the Adversary Complaint must be accepted as true. FED. R. CIV. P. 12(b) and FED. R. BANKR. P. 7012(b). Fidelity, through counsel, summarizes the allegations relevant to the Motion to Dismiss in this section. However, the allegations, as summarized herein, are assumed to be true *solely* for purposes of this Motion, and their recitation herein should not be deemed to be an admission by Fidelity.

in the amount of Two Hundred Forty-Eight Thousand Dollars ($248,000.00) for the construction of a single-family residence on the subject property (hereinafter, the "financing transaction" or, alternatively, the "Loan"). *Please see* Motion for Relief [Bankr. Docket No. 26] at pp. 2-3, ¶¶ 4-7; *please see also* Debtor's Voluntary Petition [Bankr. Docket No. 1], Schedule A – Real Property, and Schedule D – Creditors Holding Secured Claims. The residence was to be constructed by Urban Craftsman Homes of Florida, LLC. *Please see* Motion for Relief, *supra.*, at p. 3, ¶ 5.

To evidence this financing transaction, Glenn R. Favre executed and delivered to SunTrust Mortgage an Adjustable Rate Note, dated August 8, 2005, in the original principal amount of Two Hundred Forty-Eight Thousand Dollars ($248,000.00) (hereinafter, the "Note").[4] *Please see* Motion for Relief [Bankr. Docket No. 26] at pp. 2-3, ¶ 5, and Exhibit "A" thereto. The Note was secured by a Mortgage, supplemented and modified by an Adjustable Rate Rider and a Construction Loan Rider, all dated August 5, 2005 and executed and delivered by Glenn R. Favre, conveying the Property to SunTrust Mortgage to secure repayment of the Loan

---

[4] Mr. Favre was represented at the closing on August 8, 2005 by A. Keith Sanders (a/k/a Andre Keith Sanders, a/k/a Keith Sanders), acting under Power of Attorney for Real Estate, as Mr. Favre's attorney in fact for the financing transaction. Florida Title Insurance, LLC (located in Tampa, Florida) was the settlement agent for the Loan closing.

4

(hereinafter, the "Mortgage"). Id. at p. 3, ¶ 7, and Exhibit "B" thereto.[5] The Mortgage was recorded on August 8, 2005 in Official Records Book 15401, Page 795 of the public records of Hillsborough County, Florida. Id.[6]

Also in connection with the financing transaction, Chicago Title Insurance Company (hereinafter, "Chicago Title") issued the Lender [SunTrust Mortgage] a policy of insurance on the title to the Property (hereinafter, the "Lender's Policy"); Chicago Title is a title insurance underwriter of Fidelity. No owner's title insurance policy was issued [to Mr. Favre] in connection with the financing transaction.

Mr. Favre filed the instant adversary proceeding in the *closed* Bankruptcy Case on October 14, 2009,[7] naming as Defendants, *inter alia*, "SunTrust Banks

---

[5] Mr. Favre refers, albeit vaguely, to the Note and Mortgage in the Adversary Complaint, and such documents are integral to his claims against the named Defendants in the Complaint; therefore, this Court may consider the Note and Mortgage without converting this Motion to Dismiss into a Motion for Summary Judgment.

[6] A court may take judicial notice of public records in considering a motion to dismiss. See Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1280 (11th Cir. 1999), *rev'd and remanded on other grounds* Bryant v. Dupre, 252 F.3d 1161 (11th Cir. 2001). See also Stahl v. U.S. Dep't of Agriculture, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss.").

[7] This case is one of *nine (9)* adversary proceedings filed by Mr. Favre *after* the close of the Bankruptcy Case, the closing of the bankruptcy estate, and the Debtor's discharge on April 7, 2009. *Please see* Order Discharging the Debtor [Mr. Favre] and Closing the Estate, entered April 7, 2009 (hereinafter, the "Discharge Order"). [Bankr. Docket No. 30]. Seven (7) of these adversary proceedings, includng the matter at bar, were filed within a three (3)-day period.

Holdings, et al.";[8] "Fidelity National Financial Group, et al." (*please see* n.1, *supra.*); and "Goldman Sachs Holdings, Inc., et al.".[9] [Bankr. Docket No. 33; Docket No. 1]. Although Mr. Favre is purportedly asserting that the claims alleged and the relief sought in the Complaint are also on behalf of Alan Scott Bennett (hereinafter, "Mr. Bennett") and, by association, "Favre and Bennett, LLC", as well as Bernice and Darryll Griffin (collectively, hereinafter, the "Griffins"), John A. Stokes (hereinafter, "Mr. Stokes"), and Dale Capelouto (hereinafter, "Mr. Capelouto"), the record in this matter reflects that only Mr. Bennett has actually "signed" the Complaint. *Please see* Amended Complaint [Docket No. 10].

## ARGUMENT AND SUPPORTING AUTHORITY

Initially, Fidelity submits that the Complaint should be dismissed as to purported Plaintiffs Alan Scott Bennett, Bernice and Darryll Griffin, John A. Stokes, and Dale Capelouto. Not one of these individuals has standing in the instant Adversary Proceeding. Moreover, only Mr. Bennett has actually "signed" the Complaint filed by Mr. Favre. Since it does not appear that Plaintiff Glenn Royce

---

[8] Upon information and belief, "SunTrust Banks Holdings" is not a legal entity.

[9] Apparently, "Goldman Sachs Holdings, Inc." is not a legal entity either. *Please see* The Goldman Sachs Group, Inc.'s Motion for an Extension of Time to Respond. [Docket No. 12].

Favre (a/k/a Glenn R. Favre) is a licensed attorney in the State of Georgia, he cannot represent Messrs. Bennett, Stokes and Capelouto, nor can he represent the Griffins, as such would be the unauthorized practice of law. Fidelity further submits that Mr. Favre lacks standing to raise the claims asserted in this adversary proceeding given the close of his Chapter 7 Bankruptcy Case, the closing of the bankruptcy estate, and Mr. Favre's discharge on April 7, 2009.

Notwithstanding the foregoing, the Adversary Complaint sets forth a series of incomprehensible allegations and assertions against the multiple named (but non-existent) Defendants for conspiracy, fraud, and for violations of, *inter alia*, the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"); Regulation Z, 12 C.F.R. §§ 226.1 *et seq.* ("Reg. Z"); and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq.* ("RESPA"). Mr. Favre, who is appearing *pro se*, also seeks to recover actual and statutory damages, damages for his purported pain and suffering, attorney fees, and court costs pursuant to the named Defendants' alleged violation(s).

Although Mr. Favre has failed to properly serve any legal entity in this adversary action and, thus, this matter is subject to dismissal under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5), and Federal Rules of Bankruptcy Procedure 7012(b)(2) and 7012(b)(5)[10], the Court does not need to reach that issue in its

---

[10] Fidelity, through counsel, specifically reserves the right to raise the affirmative defense(s) of, *inter alia*, lack of personal jurisdiction, insufficiency of

consideration of the present Motion. As shown below, Mr. Favre has failed to state any cause of action against Fidelity upon which relief may be granted. Accordingly, Fidelity submits that this Court should dismiss all claims raised by the Plaintiff against the non-existent entity identified as "Fidelity National Financial Group" in this adversary proceeding.

### A.     THE STANDARD FOR DISMISSAL.

Federal Rule of Civil Procedure 12(b)(6), made applicable in adversary proceedings by Federal of Bankruptcy Procedure 7012(b)(6), provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted if it appears that the plaintiff can prove no set of facts in support of the claim(s) entitling the plaintiff to relief. Haines v. Kerner, 404 U.S. 519 (1975); Conley v. Gibson, 351 U.S. 41 (1957). "[The Court] accept[s] as true the allegations in Plaintiff's complaint, and construe[s] the facts in the light most favorable to the Plaintiff." Neal v. Fulton County Board of Eduction, 229 F.3d 1069, 1072 (11th Cir. 2000) [Cit. omitted.]. As shown below, Fidelity owes no duty whatsoever to Mr. Favre arising from the financing transaction which is the subject of the instant adversary proceeding.

---

process, and insufficiency of service of process at a later date.

### B. THE ADVERSARY COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6) AND FED. R. BANKR. P. 7012(b)(6).

The Complaint in this adversary proceeding, on its face, fails to state a comprehensible claim against any named Defendant upon which relief can be granted and, therefore, the Adversary Complaint should be dismissed. FED. R. CIV. P. 12(b)(6) and FED. R. BANKR. P. 7012(b)(6). It is appropriate to dismiss a case pursuant to Federal Rule of Civil Procedure 12(b)(6) if it is clear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. 41, 45-46. *See also* Williams v. Alabama State Univ., 102 F.3d 1179, 1182 (11th Cir. 1997) ("In deciding whether the complaint states a claim [the Court] accept[s] all well-pleaded facts in the complaint as true and draw[s] all inferences in the plaintiff's favor."); Miccosukee Tribe of Indians of Fla. v. So. Everglades Restoration Alliance, 304 F.3d 1076, 1084 (11th Cir. 2002) (Any ambiguities are construed in the plaintiff's favor.). Where, as here, a litigant is proceeding *pro se*, the Court must also be guided by the principle that a "document filed *pro se* is 'to be liberally construed,' ... , and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erikson v. Pardus, 551 U.S. 89 (2007), *quoting* Estelle v. Gamble, 429 U.S. 97, 106 (1976); *see also* Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (Discussing that *pro se* filings are entitled to liberal construction).

Nevertheless, "conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss." Farrell v. Time Service, Inc., 178 F. Supp. 2d 1295 (N.D. Ga. 2001) (Citations omitted).

Further, the Federal Rules of Civil Procedure and the Federal Rules of Bankrutpcy Procedure require that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2) and FED. R. BANKR. P. 7008(a)(2). "[A] pleading [cannot] survive dismissal when it consist[s] of only the barest of conclusory allegations without notice of the factual grounds on which they purport to be based." Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1271 (11th Cir. 2004). While the complaint need not provide detailed factual allegations, it must give sufficient factual allegations "to raise a right to relief above the *speculative* level"; that is, the complaint must give "only enough facts to state a claim to relief that is *plausible on its face.*" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 570 (2007) (Emphasis added). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. at 556, n.3.

In the adversary action at bar, Mr. Favre has not set forth in the Complaint any specific *factual* allegation(s) with respect to alleged wrongdoing by *any* legal entity named as a Defendant herein, nor can any construction of the Complaint

10

support a cause of action against any of these non-existent named Defendants. Rather, the Adversary Complaint sets forth a series of vague claims, incomprehensible allegations, and assertions against multiple defendants that, on its face, fails to state a claim under Twombly, *supra.*, and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). The Complaint consists largely of quotations from various Florida statutes and does not specify the basis for a claim against *any* named Defendant. Moreover, Mr. Favre is "confused" as to any duty owed him by Fidelity in defense of the pending foreclosure of the Property at issue in this adversary proceeding. Fidelity owes no duty to Mr. Favre; rather, the duty to defend title of the Property is owed to the Lender [SunTrust Mortgage], the party that purchased the title insurance policy. Obviously, such unsubstantiated allegations are insufficient to support a claim against Fidelity, and dismissal of the Complaint in the above-captioned adversary proceeding is both appropriate and warranted.

### C. THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH FED. R. CIV. P. 8 AND FED. R. BANKR. P. 7008.

Federal Rule of Civil Procedure 8 is applicable in adversary proceedings. FED. R. BANKR. P. 7008. As noted above (*please see* Section B, *supra.*), a complaint in an adversary proceeding must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2) and FED. R. BANKR. P. 7008(a)(2). Further, a pleading which sets forth a claim for relief must

contain "a short and plain statement of the grounds upon which the court's jurisdiction depends [...]." FED. R. CIV. P. 8(a)(1) and FED. R. BANKR. P. 7008(a)(1). Finally, a complaint must contain "a demand for judgment for the relief the the pleader seeks." FED. R. CIV. P. 8(a)(3) and FED. R. BANKR. P. 7008(a)(3).

While "[a]ny concise statement identifying the remedies and the parties against whom relief is sought" is sufficient to meet the requirements of Federal Rule of Civil Procedure 8, compliance with the rule is necessary. *See* Goldsmith v. City of Atmore, 996 F.2d 1155, 1161 (11th Cir. 1993). The court in Goldsmith found that, notwithstanding the "wide latitude generally afforded pro se litigants", the plaintiff's complaint was insufficient to support a civil action where the pro se plaintiff failed to include a concise statement identifying the remedies and the parties against whom relief is sought. Id.

Notwithstanding Mr. Favre's failure to state a cognizable claim against any of the named Defendants upon which relief can be granted (*see* Section B, *supra.*), the Complaint in the instant adversary action fails to set forth the grounds upon which this Court's jurisdiction depends. FED. R. CIV. P. 8(a)(1) and FED. R. BANKR. P. 7008(a)(1). Nor does the Adversary Complaint in this action identiy the remedy(ies) sought from the numerous named Defendants in comportment with Federal Rule of Civil Procedure 8(a)(3) and Federal Rule of Bankruptcy Procedure 7008(a)(3). The Complaint herein further fails to demand judgment. FED. R. CIV. P. 8(a)(3) and FED.

12

R. BANKR. P. 7008(a)(3). As such, the Adversary Complaint in the case at bar completely fails to meet the minimum requirements of a pleading. FED. R. CIV. P. 8 and FED. R. BANKR. P. 7008. Accordingly, the Complaint, and this adversary proceeding, should be dismissed.

### D. THE ADVERSARY COMPLAINT SHOULD BE DISMISSED UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) AND 12(b)(5), AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 7012(b)(2) AND 7012(b)(5).

Federal Rule of Civil Procedure Rule 4 and Federal Rule of Bankruptcy Procedure 4 set out the specific requirements for service of a summons and a copy of the complaint[11] upon a defendant. FED. R. CIV. P. 4(e) and FED. R. BANKR. P. 4(e). The serving party (Mr. Favre in the present adversary matter) bears the burden of proof with regard to its (his) validity or good cause for failure to effect timely service. <u>Aetna Business Credit v. Universal Decor & Interior Design</u>, 635 F.2d 434,

---

[11] Fidelity respectfully requests the Court take judicial notice of the fact, as noted previously, that purported Plaintiffs Bernice and Darryll Griffin, John A. Stokes and Dale Capelouto failed to sign the initial pleading in the adversary matter at bar in clear violation of Federal Rule of Civil Procedure 11, made applicable in adversary proceedings, and, as such, this Court has the ability to strike the Complaint in its entirety. FED. R. CIV. P. 11(a) ("Every pleading, written motion, and other paper *must be signed ... by a party personally* if the party is unrepresented. The paper must state the signer's address, email address, and telephone number") (Emphasis added).

435 (5th Cir. 1981)[12]; Profit v. Americold Logistics, LLC, 248 F.R.D. 293, 296 (N.D. Ga. 2008); *see also* Systems Signs Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990).

As stated in detail above, the Adversary Complaint in the case at bar purports to name "Fidelity National Financial Group", a non-existent entity (*please see* n.1, *supra.*), as one of the Defendants herein. However, the Complaint fails to identify any purported relationship between *any* Fidelity entity and the Plaintiff(s). Furthermore, no Fidelity entity was a party to the underlying Bankruptcy Case. Service of the Complaint in this adversary proceeding was purportedly attempted by email transmission and FAX to Own [sic] Girard, identified as "General Counsel" of "Fidelity National Financial Group" in Omaha, Nebraska. Notwithstanding the threshold issues as to whether a proper entity has been even named and served, Fidelity submits that Mr. Favre has failed to meet the burden incumbent upon him to properly serve Fidelity in the instant adversary action.

---

[12] The Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

14

Where, as here, the plaintiff has failed to properly serve the defendant(s),[13] this Court lacks personal jurisdiction over Fidelity and this adversary proceeding is subject to dismissal. FED. R. CIV. P. 12(b)(2) and 12(b)(5), and FED. R. BANKR. P. 7012(b)(2) and 7012(b)(5). Given the fact that Mr. Favre has failed to properly serve any named Defendant, Fidelity submits that the Adversary Complaint must be dismissed because this Court lacks personal jurisdiction over the named Defendants and, as such, the Court is without the means by which to adjudicate the alleged claim(s) presented in the Complaint.

## CONCLUSION

The initial pleading filed in the instant litigation is both unintelligible and incomprehensible as well as, in many instances, nonsensical. Consequently, it is virtually impossible to discern from this pleading any violation(s) of law which could be deemed cognizable and which would warrant the equally vague remedies Mr. Favre apparently seeks. Fidelity, by and and through counsel and preserving all defenses, respectfully submits that the Complaint in this adversary proceeding fails to state any claim upon which relief can be granted and, accordingly, should be

---

[13] "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990).

15

dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012(b)(6).

For all the foregoing reasons, FIDELITY NATIONAL TITLE GROUP, INC. respectfully requests that this Court grant its Motion to Dismiss and enter an Order dismissing all of Mr. Favre's claims against Fidelity with prejudice, casting all costs against Mr. Favre.

Respectfully submitted this 16th day of November, 2009.

DICKENSON GILROY LLC

/s/   Monica K. Gilroy
MONICA K. GILROY
Georgia Bar No. 427520
**Attorney for Fidelity National Title Group, Inc.**

3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022
Tel:  (678) 280-1922
Fax: (678) 280-1923
Email: Monica.Gilroy@dickensongilroy.com

### CERTIFICATE OF SERVICE

I certify that I am over the age of 18 and that, in accordance with BLR 5005-5 (Bankr. N.D. Ga.), I have this date electronically filed the within and foregoing *Fidelity National Title Group, Inc.'s Memorandum of Law in Support of its Motion to Dismiss Adversary Proceeding for Failure to State a Claim Upon Which Relief Can be Granted* in the above-captioned adversary proceeding with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record in this matter, and, further, that I have served

the Plaintiff, appearing *pro se*, with a copy of this pleading by placing a true and correct copy of same in the United States Mail, with first-class postage affixed thereto, properly addressed as follows:

Glenn Royce Favre<br>
110 S. Columbia Drive #11<br>
Decatur, Georgia 30030

This 16th day of November, 2009.

        /s/ Monica K. Gilroy
MONICA K. GILROY
(Georgia Bar No. 427520)
**Counsel for SunTrust Mortgage, Inc. and SunTrust Banks, Inc.**

DICKENSON GILROY LLC
Corporate Office
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022
Tel: (678) 280-1922
Fax: (678) 280-1923
Email: Monica.Gilroy@dickensongilroy.com