IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GLENN R. FAVRE;<br>ALAN SCOTT BENNETT;<br>BERNICE AND DARRYLL GRIFFIN;<br>JOHN A. STOKES; DALE CAPELOUTO,<br><br>Plaintiff(s), | CHAPTER - 7<br>CASE NO. 08-85264-MHM |
| v. | |
| SUNTRUST BANKS HOLDINGS, et al.,<br>FIDELITY NATIONAL FINANCIAL GROUP,<br>et al.; GOLDMAN SACHS HOLDINGS, INC,<br>et al.<br><br>Defendant(s) | ADVERSARY<br>PROCEEDING NO.<br>09-9069-MHM |

FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA
DEC 04 2009 PM 03:32
H. REGINA THOMAS
CLERK
BY: [signature] DEPUTY CLERK

## THE GOLDMAN SACHS GROUP, INC.'S
## MOTION TO DISMISS

NOW COMES The Goldman Sachs Group, Inc. ("GS Group"), pursuant to Bankruptcy Rules 7004, 7005, 7008, 7009, 7012 and Federal Rules of Civil Procedure 8, 9(b), 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5) and 12(b)(6), and hereby moves the Court for an Order dismissing this adversary complaint as to whatever

Goldman Sachs entities it purports to name. In that respect, the complaint purports to name "Goldman Sachs Holdings, Inc." as one of the defendants. No such entity exists, and the complaint is invalid on its face for that reason alone as to any Goldman Sachs related claims. Moreover, and in all events, the rambling and incoherent allegations do not state a viable claim, even if a real Goldman Sachs entity had been named, and the underlying bankruptcy proceeding in which the complaint was filed has been long closed. GS Group, the presumptive entity Plaintiffs intended to sue, makes this limited appearance out of an abundance of caution and for the purpose of dismissing Plaintiffs' claims against it and all other Goldman Sachs related entities. For the reasons set forth herein, the Court also should deny Plaintiffs' Motions filed on November 18 and 19 (docket numbers 17 & 18).

## FACTUAL BACKGROUND

One of the Plaintiffs in this adversary case, Glenn Favre ("Favre"), filed a Chapter 7 bankruptcy petition in this Court on or about December 12, 2008, case no. 08-85264-mhm. Following receipt of the Chapter 7 Trustee's report of no distribution, the Court entered an order on April 7, 2009 discharging the debtor and closing the estate (docket entry 30, case no. 08-85264-mhm). Neither GS Group

nor any other Goldman Sachs entity was a party to the underlying bankruptcy proceeding.

Some 6 months after the bankruptcy case was closed and the debtor discharged, Plaintiff Favre and others began filing a series of adversary proceedings in the closed bankruptcy case. As of October 30, 2009, Favre and others had filed 9 different adversary proceedings, including this one.

As a threshold matter, Favre's bankruptcy case is closed, and the complaint fails to set forth any alleged basis that the Bankruptcy Court has subject matter jurisdiction over Plaintiffs' adversary complaint, particularly as it relates to any Goldman Sachs entity.

The present complaint purports to name as parties six plaintiffs and at least three defendants, including the non-existent "Goldman Sachs Holdings, Inc." Beyond setting forth the names in the caption, however, the complaint makes no effort to explain who each of the plaintiffs is, the alleged relationship among the six plaintiffs, the alleged relationship among the Defendants, or the purported relationship of each plaintiff to any defendant, particularly a Goldman Sachs entity. No return of service has been filed, but service apparently was attempted by mailing a copy of the complaint to a legal department employee of Goldman, Sachs & Co. (an indirect wholly owned subsidiary of GS Group) in New York.

3

The complaint does not contain any comprehensible allegations, let alone the factual or legal basis for any claim against any defendant. It consists entirely of unintelligible, conclusory allegations based upon quotations from Florida state statutes. Although the complaint states that it is for violations of "TILA, RESPA, REG. Z, Civil RICO, SEC, CFTC, malice, negligent misrepresentation, intent to defraud consumers, [and] civil false claims" (see complaint, p. 1), it does not allege the elements of any cause of action against any defendant, particularly any Goldman Sachs related entity. Instead, it consists of bizarre and unintelligible references to "TARP fraud," "the 13 wimer cases," "risky investments using AIG," "layered financing," "using outside counsel," and "using UCC plus." E.g., Complaint at pp. 1, 2, 3, 6.

Exhibit A to the complaint adds to the incomprehensibility of Plaintiffs' filing. It consists of the first page of a document purportedly filed by claimant "EMC Search, LLC" (which is not a party to this proceeding) in an unidentified court, and an alleged regulatory settlement agreement among various title insurance companies having nothing to do with GS Group.

As discussed below, because the complaint is fatally defective on multiple independent grounds, the Court should dismiss all claims against whatever Goldman Sachs related entities it purports to name.

4

## ARGUMENT AND CITATION OF AUTHORITIES

### I. THE COURT LACKS SUBJECT MATTER JURISDICTION

Although Bankruptcy Rule 7008 and Fed. R. Civ. P. 8 expressly require the plaintiff to plead the basis for the Court's exercise of subject matter jurisdiction, plaintiffs have failed to do so, and dismissal is warranted on this ground alone.

Indeed, the Court lacks subject matter jurisdiction, particularly as to any Goldman Sachs related entity. GS Group was not involved in the underlying bankruptcy case and has taken no action with respect to the debtor. The estate is closed, the debtor has been discharged, and the underlying bankruptcy case has been closed for over six months. Because the resolution of this adversary complaint will have no effect on the debtor's estate, this Court therefore lacks subject matter jurisdiction as to any claim related to GS Group. See, e.g., In re Lemco Gypsum, Inc., 910 F.2d 784, 788 (11th Cir. 1990)(adopting Third Circuit Pacor test for "related to" jurisdiction); Pacor Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)("related to" jurisdiction under 28 U.S.C § 1334(b) applies only if proceeding affects bankruptcy estate); In re Vongrabe, 332 B.R. 40 (M.D. Fla.

2005)(bankruptcy court lacked subject matter jurisdiction over adversary complaint filed after bankruptcy case closed).[1]

Moreover, none of the Plaintiffs has demonstrated standing to pursue any claims whatsoever against any Goldman Sachs entity, and the Court lacks subject matter jurisdiction over any such claims related to GS Group for this additional reason. See White v. Lee, 227 F.3d 1214, 1292 (9th Cir. 2000) (lack of standing deprives Court of subject matter jurisdiction and is properly raised under Rule 12(b)(1)).

Separately, none of the Plaintiffs other than Favre were debtors in the underlying bankruptcy, and these Plaintiffs therefore lack standing to pursue their claims in this Court. See Lujan v. Defenders of Wildlife, 112 S. Ct. 2130 (1991)(plaintiff bears burden of proving standing).

---

[1] Even if the Court possessed subject matter jurisdiction for claims related to GS Group, which it does not, it should abstain from exercising it under 28 U.S.C. § 1334(c)(1). This case was filed as one of a host of incomprehensible adversary pleadings by a litigious group of plaintiffs. Plaintiffs apparently are attempting to pursue any and all manner of baseless claims in the bankruptcy court in order to avoid courts with proper jurisdiction and paying the requisite filing fees. The Court should not sanction this abuse of the litigation process. Further, the complexity of the proceeding, the number of parties, the remoteness of the claims to the bankruptcy case, and the burdens on this Court of adjudicating the issues all strongly militate against the exercise of jurisdiction. See In re Vongrabe, 332 B. Rptr. at 44.

## II. PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED FOR INSUFFICIENT PROCESS

Rule 12(b)(4) authorizes dismissal for insufficient process. Rule 12 (b)(4) is the proper challenge when the complaint does not properly name the party on which the summons and complaint is served. E.g., O'Brien v. R. J. O'Brien & Assocs. Inc., 998 F.2d 1394, 1400 (7th Cir. 1993).

Here, the complaint purports to name "Goldman Sachs Holdings, Inc." as a defendant, but no such entity exists. Merely serving a complaint directed to a non-existent entity on a non-party does not magically give life to the entity. E.g., Wassom v. Riverside County, 237 F.R.D. 423, 424 n.2 (C.D. Cal. 2006). Consequently, Plaintiffs' complaint should be dismissed for insufficiency of process under Rule 12 (b)(4).

## III. PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED FOR INSUFFICIENCY OF SERVICE OF PROCESS

Fed. R. Civ. 12(b)(5) authorizes dismissal of a complaint for insufficiency of service of process. Plaintiffs have not filed a return of service upon any Goldman Sachs related entity as required by Bankruptcy Rule 7005-1. Bankruptcy Rule 7004 authorizes service by mail only upon an agent "authorized by appointment or law" to accept service. Plaintiffs purported to mail a copy of the adversary complaint to an employee in the legal department of Goldman, Sachs & Co. Legal

employees of that entity, however, are not appointed agents to accept service of process for non-existent entities or for accepting service by mail, and did not agree to accept service in this case. Accordingly, service of process was insufficient, and Plaintiffs' complaint should be dismissed for this independent reason.[2]

## IV. PLAINTIFFS HAVE FAILED TO STATE A CLAIM

Even if the complaint had been filed in a pending proceeding, named a real entity, and been validly served, it fails to allege a viable claim against any Goldman Sachs entity. An adversary complaint must satisfy the pleading requirements of Fed. R. Civ. P. 12(b)(6). Bankruptcy Rule 7012. Plaintiffs' complaint comes nowhere close to doing so. To survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "sufficient factual matter…to state a claim that is plausible on its face." Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). The factual allegations in the complaint must allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Threadbare recitals of the elements of a cause of action and conclusory assertions do not suffice. Id; Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

---

[2] Plaintiffs' insufficient process and insufficiency of service (sections II and III above) also deprive the Court of personal jurisdiction over GS Group. See Pardozi v. Cullman Med Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990).

8

Further, a RICO complaint must inform <u>each</u> defendant of its alleged participation in the scheme. It cannot lump multiple defendants together with general allegations against the group. <u>Ambrosia Coal and Construction Co. v. Pages Morales</u>, 482 F.3d 1309, 1316-17 (11th Cir. 2007).

Finally, because the complaint's RICO allegations are premised on fraud, they must meet Rule 9(b)'s heightened pleading standards. <u>See, e.g.</u>, <u>Brooks v. Blue Cross and Shield of Florida</u>, 116 F.3d 1364, 1380-81 (11th Cir. 1997); <u>Burnett v. Amrein</u>, 243 Fed. Appx. 393 (10th Cir. 2007); <u>Williams v. Unum Life Ins. Co.</u>, 2007 U.S. Dist. Lexis 63240 (N.D. Ga. 2007).³

Plaintiffs' complaint wholly fails to satisfy even the standard of Rule 8(a), much less 9(b). It contains no factual allegations whatsoever against any Goldman Sachs entity, much less ones that establish a "plausible" claim. Plaintiffs have made no effort to describe how any Goldman Sachs entity did or failed to do

---

³Fed. R. Civ. 9(b), which requires plaintiffs to plead fraud with particularity, applies in adversary cases. Bankruptcy Rule 7009. To satisfy Rule 9(b), a plaintiff must plead: (1) precisely what statements were made in what documents or what oral representations or omissions were made, (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the alleged fraud. <u>Ziemba v. Cascade Int'l, Inc.</u>, 256 F.3d 1194, 1202 (11th Cir. 2001). Rule 9(b) serves an important purpose in fraud actions by alerting defendants to the "precise misconduct with which they are charged." <u>United States ex. Rel. Atkins v. McInteer</u>, 470 F.3d 1350, 1359 (11th Cir. 2006).

something that harmed plaintiffs, any factual basis for any duty allegedly owed any plaintiff or, indeed, any alleged relationship at all between the plaintiffs and any Goldman Sachs entity. Plaintiffs have failed to provide notice of the grounds upon which any claim rests, and utterly have failed to set forth a plausible factual basis for any claim. Nor have Plaintiffs conveyed the nature of any Goldman Sachs entity's specific participation in the alleged RICO fraud.

In addition to the failure to plead any factual basis for a claim, the complaint does not set forth the requisite legal elements of any purported cause of action. Plaintiffs do not allege the elements of a claim under the Truth in Lending Act or for negligent misrepresentation. Plaintiffs' references to "Reg. Z," "malice," and "CFTC" (complaint p. 1), are simply unintelligible.

Nor do Plaintiffs set forth the elements of a federal RICO claim. <u>All</u> of the conclusory RICO allegations are based on formulaic recitations of <u>Florida</u> state law which has no applicability here. Plaintiffs do not allege the basis for federal RICO jurisdiction or the requisite elements of a federal RICO claim including enterprise, pattern, federal predicate acts, continuity, injury to Plaintiffs' business or property, and a direct causal connection between Plaintiffs' alleged injury and the commission of predicate acts. <u>See</u>, <u>e.g.</u>, <u>Arch Ins. Co. v. Bennett</u>, 2009 U.S. Dist

10

Lexis 18718 (N.D. Ga. 2009); Resolution Trust Corp. v. Farmer, 836 F. Supp. 1123, 1132 (E.D. Pa. 1993).

A fortiori, the complaint falls short under Rule 9(b), although Plaintiffs' complaint is replete with conclusory allegations of fraud (complaint pp. 1, 2, 3, 4, 6. The complaint contains no specific allegations against any Goldman Sachs entity concerning the allegedly fraudulent statements or representations made, the time and place of each such statement, the identity of the employee who allegedly made them, the content of the allegedly fraudulent statements, or what any Goldman Sachs entity obtained as a consequence of the alleged fraud.

## CONCLUSION

For the foregoing reasons, Plaintiffs' adversary complaint should be dismissed as against any and all Goldman Sachs related entities and any motion seeking relief against any Goldman Sachs related entity should be denied.

Respectfully submitted this 4 day of December, 2009.

Charles K. McKnight, Jr.
Georgia Bar No. 495810
cmcknight@ntmlaw.com

NATIONS, TOMAN & McKNIGHT LLP
1230 Peachtree Street, NE, Suite 2050
Atlanta, Georgia 30309

11

(404) 266-2366 (telephone)
(404) 266-2323 (facsimile)

ATTORNEYS FOR THE GOLDMAN
SACHS GROUP, INC.

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GLENN R. FAVRE;<br>ALAN SCOTT BENNETT;<br>BERNICE AND DARRYLL GRIFFIN;<br>JOHN A STOKES; DALE CAPELOUTO,<br><br>Plaintiff(s), | ) CHAPTER - 7<br>) CASE NO.:<br>) 08-85264-MHM |
| v. | |
| SUNTRUST BANKS HOLDINGS, et al.,<br>FIDELITY NATIONAL FINANCIAL GROUP,<br>et al.; GOLDMAN SACHS HOLDINGS, INC,<br>et al.<br><br>Defendant(s) | ADVERSARY<br>PROCEEDING NO.<br>09-9069 |

## CERTIFICATE OF SERVICE

I certify that I am over the age of 18 and I served a copy of the foregoing Goldman Sachs Group, Inc.'s Motion to Dismiss with the Clerk of Court and served the following persons with a copy thereof via United States Mail:

> Glenn Royce Favre
> 110 S. Columbia Drive #11
> Decatur, GA 30030

Monica K. Gilroy
DICKENSON GILROY, LLC
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022

A. Alexander Teel
Lamberth, Cifelli, Stokes, Ellis & Nason
East Tower, Suite 550
3343 Peachtree Road, NE
Atlanta, GA 30326-1022

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 200
333 Peachtree Road, NE
Atlanta, GA 30326-1420

This 4 day of December, 2009.

          NATIONS, TOMAN & McKNIGHT LLP

          */s/ Charles K. McKnight, Jr.*
          Charles K. McKnight, Jr.
          Georgia Bar No. 495810
          cmcknight@ntmlaw.com

          NATIONS, TOMAN & McKNIGHT LLP
          1230 Peachtree Street, NE, Suite 2050
          Atlanta, Georgia 30309
          (404) 266-2366 (telephone)
          (404) 266-2323 (facsimile)

          Attorneys for The Goldman Sachs Group