IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| GLENN ROYCE FAVRE, | § | CASE NO. 08-85264-mhm |
| | § | |
| Debtor. | § | Discharged; Closed Case |

| | | |
|---|---|---|
| GLENN ROYCE FAVRE; | § | |
| ALAN SCOTT BENNETT; | § | |
| BERNICE AND DARRYLL GRIFFIN; | § | |
| JOHN A. STOKES; | § | |
| DALE CAPELOUTO, | § | |
| | § | HONORABLE MARGARET MURPHY |
| Plaintiffs, | § | |
| v. | § | ADVERSARY PROCEEDING |
| | § | |
| SUNTRUST BANKS HOLDINGS, | § | NO. 09-9069 |
| et al.; FIDELITY NATIONAL | § | |
| FINANCIAL GROUP, et al.; | § | |
| GOLDMAN SACHS HOLDINGS, | § | |
| INC., et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## SUNTRUST MORTGAGE, INC.'S and SUNTRUST BANKS, INC.'S OPPOSITION TO PLAINTIFFS' MOTIONS

COME NOW, SUNTRUST MORTGAGE, INC. (hereinafter, "SunTrust Mortgage") and SUNTRUST BANKS, INC. (hereinafter, "SunTrust Bank(s)") (collectively, SunTrust Mortgage and SunTrust Bank(s) are hereinafter referred to

as "SunTrust"),[1] by and through their undersigned counsel, by special limited appearance and preserving all defenses, and file this Opposition to the Motion(s) filed by certain Plaintiffs[2] on November 18, 2009 [Doc. No. 17], November 19, 2009 [Doc No. 18],[3] December 9, 2009 [Doc. No. 23], and December 15, 2009 [Doc. No. 25] (collectively, "Plaintiffs' Motions"). These Motions must be denied because the initial pleading filed by the purported Plaintiffs against SunTrust should be dismissed in its entirety for the reasons set forth in SunTrust's Motion to Dismiss. [Doc. No. 15].

---

[1] "SunTrust Banks Holdings", one of the named Defendants in the above-captioned adversary proceeding, is not a legal entity.

[2] SunTrust renews and restates its assertion that purported Plaintiffs Alan Scott Bennett (hereinafter, "Mr. Bennett") and Dale Capelouto (hereinafter, "Mr. Capelouto") lack standing in the instant Adversary Proceeding. *Please see* SunTrust's Memorandum of Law in Support of its "Motion to Dismiss Adversary Proceeding for Failure to State a Claim Upon Which Relief Can be Granted" (hereinafter, "SunTrust's Motion to Dismiss" or, alternatively, the "Motion to Dismiss"), filed on November 16, 2009, at p. 11. [Doc. No. 15]. Further, SunTrust reasserts its position that Plaintiff Glenn Royce Favre (a/k/a Glenn R. Favre) (hereinafter, "Mr. Favre" or, alternatively, the "Plaintiff") lacks standing to raise the claims averred in this adversary proceeding given the close of his Chapter 7 Bankruptcy Case, the closing of the bankruptcy estate, and Mr. Favre's discharge on April 7, 2009. Id.

[3] The Motion(s) filed on November 18, 2009 [Doc. No. 17] and November 19, 2009 [Doc. No. 18] are virtually identical, the only exception being that the first-filed motion was filed solely on behalf of the Plaintiff (Mr. Favre); the second-filed motion was filed on behalf of the Plaintiff and purported plaintiffs, Messrs. Bennett and Capelouto.

2

## PRELIMINARY STATEMENT

The underlying facts and record evidence in the above-captioned adversary proceeding are contained in the pleadings and documents before this Court and, specifically, in SunTrust's Memorandum of Law in Support of its Motion to Dismiss (hereinafter, the "Motion to Dismiss Brief"). [Doc. No. 15]. In the interest of judicial economy and the Court's time and resources, those facts and legal arguments will not be repeated here and are incorporated herein by reference.[4] SunTrust, through counsel, will address only those facts particularly relevant to its Opposition to Plaintiffs' Motions and those legal arguments not previously responded to in other legal memoranda. All capitalized terms used herein and not otherwise defined shall have the meaning set forth in the Motion to Dismiss Brief.

Initially, SunTrust, through counsel, submits that the mtions at issue here, as with all of the other pleadings filed by the purported Plaintiffs in this adversary proceeding, are incoherent, unintelligible, incomprehensible, and totally meritless. It is impossible to determine the factual basis for any of the Plaintiffs' claim(s)

---

[4] SunTrust, by special limited appearance, restates that it seeks dismissal of this adversary proceeding as against SunTrust Mortgage, SunTrust Bank(s), any related SunTrust entity, and any SunTrust agent or employee including, but not limited to, Penelope Anderson, Tina Fisher, Esq., Raymond Fortin, William ("Bill") Galipeau, Monica Gilroy, Esq., Alice Huneycutt, Esq., Eugene ("Gene") Snyder, Larry Washichek, Page Whaley, and Richard ("Rich") Willits, if, in fact, it is the intent of the Plaintiff(s) to seek relief against the same.

against SunTrust from the face of these pleadings, much less the legal elements supporting such claims and/or the legal and monetary remedies sought therein. To the extent Plaintiffs' Motions seek relief against SunTrust Mortgage, SunTrust Bank(s), any related SunTrust entity, and/or any SunTrust agent or employee (*please see* n.4, *supra.*), the motions are frivolous and intended merely for purposes of harassment. Notwithstanding the foregoing, and solely out of an abundance of caution, SunTrust files this Opposition to Plaintiffs' Motions, respectfully showing this honorable Court as follows:

## ARGUMENT

### A. PLAINTIFFS' MOTIONS SHOULD BE DENIED BECAUSE THE ADVERSARY COMPLAINT SHOULD BE DISMISSED.

Contrary to the Plaintiffs' bald assertions in the motions at issue, SunTrust timely filed a Motion to Dismiss the purported Adversary Complaint on November 16, 2009, demonstrating that the Court lacked subject matter jurisdiction over the claims asserted in this adversary proceeding and, furthermore, that the Complaint was fatally deficient for, *inter alia*, failure to state a claim upon which relief can be granted, insufficient service of process and lack of personal jurisdiction. FED. R. BANKR. P. 7004, 7008, 7012, and 7041; FED. R. CIV. P. 4, 8, 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5), 12(b)(6), and 41(b). As stated previously, SunTrust incorporates its Motion to Dismiss by reference. For all the reasons stated therein, Plaintiffs' claims against

4

SunTrust Mortgage, SunTrust Bank(s) and any SunTrust related entity should be dismissed, SunTrust should be dismissed from the instant adversary proceeding, and Plaintiffs' Motions should be denied in their entirety.

**B.   PLAINTIFFS' MOTIONS FAIL TO ASSERT A VALID CLAIM.**

Plaintiffs' Motions (specifically, Doc. No(s). 17 and 18) apparently seek relief against the named Defendants under the Fraud Enforcement and Recovery Act of 2009 ("FERA"). Unfortunately for the purported Plaintiffs, the initial pleading filed in this adversary proceeding is devoid of any such claim, and Plaintiffs' Motions must be denied. FED. R. BANKR. P. 7012; FED. R. CIV. P. 12(b)(6). Similar to the previous pleadings filed in this adversary proceeding, the Plaintiffs' convoluted and confusing recitation of purported "facts" supporting their FERA allegations in the motions at issue here fail to establish the requisite legal elements of any "plausible" claim against SunTrust, as contemplated by the Court's decisions in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1959, 1964-65 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).

Nor have the Plaintiffs satisfied the burden incumbent upon a movant for summary judgment under Federal Rule of Civil Procedure 56. Plaintiffs' Motions do not set forth any cognizable claim, or coherent basis for relief, against SunTrust and, consequently, fail to comport with the requirements of a summary judgment

5

motion. FED. R. BANKR. P. 7056 and FED. R. CIV. P. 56. Plaintiffs' Motions must, therefore, be denied.

## C. SUNTRUST IS NOT IN DEFAULT.[5]

Plaintiffs assert in their motions that unspecified "Defendants" have not timely answered the purported complaint in this adversary proceeding. Plaintiffs are incorrect. No SunTrust entity is in default. Rather, SunTrust timely responded to the intial pleading in this adversary proceeding and filed a Motion to Dismiss on November 16, 2009 [Doc. No. 15], even though the Complaint failed to name an existing SunTrust entity. Moreover, no SunTrust entity is liable to any named Plaintiff, nor is any SunTrust entity subject to the injunctive relief sought by the Plaintiffs in the motions at issue here. SunTrust Mortgage and SunTrust Bank(s) are not in default, and Planitiffs' Motions are baseless as to all SunTrust related entities. Accordingly, Plaintiffs' Motions must be denied.

## D. CONSOLIDATION OF THE ADVERSARY CASES IS UNWARRANTED.

To the extent Plaintiffs are seeking to consolidate certain adversary cases [Doc. No(s). 17 and 18 at p. 4, Doc. No. 25 at p. 2], that relief must be denied. The two (2)

---

[5] On or about December 11, 2009, Plaintiffs filed a self-serving "affidavit" in support of their "Motion for Default Judgment". [Doc. No. 24]. The purported affidavit is not a sworn statement but, rather, a hodgepodge collection of various documents filed (and, in several instances, subsequently "re-filed") by the Plaintiffs.

6

properties at issue in the allegedly "related" adversary proceedings,[6] as well as the underlying financing transaction(s) and debt(s) secured by the respective real property(ies) [*i.e.,* the Florida Property and the Georgia Property], are separate and distinct. *Please see* SunTrust's Motion to Dismiss [Doc. No. 15]; *please see also* Old Republic National Title Insurance Company's "Motion to Dismiss Adversary Complaint for Failure to State a Claim Upon Which Relief Can be Granted", filed on November 16, 2009 in Adversary Proceeding No. 09-9075 [Doc. No. 6]. The two (2) adversary cases are *not* related, and the claims averred therein should be treated ***separately***.

## CONCLUSION

For the foregoing reasons, SUNTRUST MORTGAGE, INC. and SUNTRUST BANKS, INC., by and through their undersigned counsel, request that the Court deny Plaintiffs' Motions [Doc. No(s). 17, 18, 23 and 25] and grant SunTrust's Motion to Dismiss.

[SIGNATURE FOLLOWS ON NEXT PAGE]

---

[6] The property at issue in the instant adversary proceeding is more commonly known as 1914 East Columbus Avenue, Tampa, Hillsborough County, Florida (hereinafter, the "Florida Property"). The property at issue in Adversary Proceeding No. 09-9075 [*Glenn Royce Favre v. Old Republic Nat'l Title* (Bankr. N.D. Ga.)] is more commonly known as 6240 Lakeview Court, Rex, Clayton County, Georgia (hereinafter, the "Georgia Property").

This 28th day of December, 2009.

Respectfully submitted,

DICKENSON GILROY LLC

/s/   Monica K. Gilroy
MONICA K. GILROY
Georgia Bar No. 427520
**Attorney for SunTrust Mortgage, Inc. and SunTrust Banks, Inc.**

Corporate Office
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022
Tel: (678) 280-1922
Fax: (678) 280-1923
Email: Monica.Gilroy@dickensongilroy.com

## CERTIFICATE OF SERVICE

I certify that I am over the age of 18 and that, in accordance with BLR 5005-5 (Bankr. N.D. Ga.), I have this date electronically filed the within and foregoing *SunTrust Mortgage, Inc.'s and SunTrust Banks, Inc.'s Opposition to Plaintiffs' Motions* in the above-captioned adversary proceeding with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record in this matter, and, further, that I have served the Plaintiff, appearing *pro se*, with a copy of this pleading by placing a true and correct copy of same in the United States Mail, with first-class postage affixed thereto, properly addressed as follows:

Glenn Royce Favre
110 S. Columbia Drive #11
Decatur, Georgia 30030

This 28th day of December, 2009.

/s/  Monica K. Gilroy
MONICA K. GILROY
(Georgia Bar No. 427520)
**Counsel for SunTrust Mortgage, Inc. and SunTrust Banks, Inc.**

DICKENSON GILROY LLC
Corporate Office
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022
Tel: (678) 280-1922
Fax: (678) 280-1923
Email: Monica.Gilroy@dickensongilroy.com