IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| GLENN ROYCE FAVRE, | § | CASE NO. 08-85264-mhm |
| | § | |
| Debtor. | § | Discharged; Closed Case |

| | | |
|---|---|---|
| GLENN ROYCE FAVRE; | § | |
| ALAN SCOTT BENNETT; | § | |
| BERNICE AND DARRYLL GRIFFIN; | § | |
| JOHN A. STOKES; | § | |
| DALE CAPELOUTO, | § | |
| | § | HONORABLE MARGARET MURPHY |
| Plaintiffs, | § | |
| | § | ADVERSARY PROCEEDING |
| v. | § | |
| | § | NO. 09-9069 |
| SUNTRUST BANKS HOLDINGS, | § | |
| et al.; FIDELITY NATIONAL | § | |
| FINANCIAL GROUP, et al.; | § | |
| GOLDMAN SACHS HOLDINGS, | § | |
| INC., et al., | § | |
| | § | |
| Defendants. | § | |

## <u>FIDELITY NATIONAL TITLE GROUP, INC.'S OPPOSITION TO PLAINTIFFS' MOTIONS</u>

COMES NOW, FIDELITY NATIONAL TITLE GROUP, INC. (hereinafter, "Fidelity"),[1] by and through its undersigned counsel, by special limited appearance and preserving all defenses, and files this Opposition to the Motion(s) filed by

---

[1] "Fidelity National Financial Group", one of the named Defendants in the above-captioned adversary proceeding, is not a legal entity.

certain Plaintiffs[2] on November 18, 2009 [Doc. No. 17], November 19, 2009 [Doc No. 18],[3] December 9, 2009 [Doc. No. 23], and December 15, 2009 [Doc. No. 25] (collectively, "Plaintiffs' Motions"). These Motions must be denied because the initial pleading filed by the purported Plaintiffs against Fidelity should be dismissed in its entirety for the reasons set forth in Fidelity's Motion to Dismiss. [Doc. No. 16].

## PRELIMINARY STATEMENT

The underlying facts and record evidence in the above-captioned adversary proceeding are contained in the pleadings and documents before this Court and, specifically, in Fidelity's Memorandum of Law in Support of its Motion to Dismiss (hereinafter, the "Motion to Dismiss Brief"). [Doc. No. 16]. In the interest of judicial

---

[2] Fidelity renews and restates its assertion that purported Plaintiffs Alan Scott Bennett (hereinafter, "Mr. Bennett") and Dale Capelouto (hereinafter, "Mr. Capelouto") lack standing in the instant Adversary Proceeding. *Please see* Fidelity's Memorandum of Law in Support of its "Motion to Dismiss Adversary Proceeding for Failure to State a Claim Upon Which Relief Can be Granted" (hereinafter, "Fidelity's Motion to Dismiss" or, alternatively, the "Motion to Dismiss"), filed on November 16, 2009, at p. 6. [Doc. No. 16]. Further, Fidelity reasserts its position that Plaintiff Glenn Royce Favre (a/k/a Glenn R. Favre) (hereinafter, "Mr. Favre" or, alternatively, the "Plaintiff") lacks standing to raise the claims averred in this adversary proceeding given the close of his Chapter 7 Bankruptcy Case, the closing of the bankruptcy estate, and Mr. Favre's discharge on April 7, 2009. Id. at pp. 6-7.

[3] The Motion(s) filed on November 18, 2009 [Doc. No. 17] and November 19, 2009 [Doc. No. 18] are virtually identical, the only exception being that the first-filed motion was filed solely on behalf of the Plaintiff (Mr. Favre); the second-filed motion was filed on behalf of the Plaintiff and purported plaintiffs, Messrs. Bennett and Capelouto.

2

economy and the Court's time and resources, those facts and legal arguments will not be repeated here and are incorporated herein by reference. Fidelity, through counsel, will address only those facts particularly relevant to its Opposition to Plaintiffs' Motions and those legal arguments not previously responded to in other legal memoranda. All capitalized terms used herein and not otherwise defined shall have the meaning set forth in the Motion to Dismiss Brief.

Initially, Fidelity, through counsel, submits that the mtions at issue here, as with all of the other pleadings filed by the purported Plaintiffs in this adversary proceeding, are incoherent, unintelligible, incomprehensible, and totally meritless. It is impossible to determine the factual basis for any of the Plaintiffs' claim(s) against Fidelity from the face of these pleadings, much less the legal elements supporting such claims and/or the legal and monetary remedies sought therein. To the extent Plaintiffs' Motions seek relief against any Fidelity entity, the motions are frivolous. Notwithstanding the foregoing, acting solely out of an abundance of caution, Fidelity files its Opposition to Plaintiffs' Motions, respectfully showing this honorable Court as follows:

# ARGUMENT

## A. PLAINTIFFS' MOTIONS SHOULD BE DENIED BECAUSE THE ADVERSARY COMPLAINT SHOULD BE DISMISSED.

Contrary to the Plaintiffs' bald assertions in the motions at issue, Fidelity timely filed a Motion to Dismiss the purported Adversary Complaint on November 16, 2009, demonstrating that the Court lacked subject matter jurisdiction over adversary claims asserted against any Fidelity related entity and, furthermore, that the Complaint was fatally deficient for, *inter alia*, failure to state a claim upon which relief can be granted, insufficient service of process and lack of personal jurisdiction. FED. R. BANKR. P. 7004, 7008, 7012, and 7041; FED. R. CIV. P. 4, 8, 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5), 12(b)(6), and 41(b). As stated previously, Fidelity incorporates its Motion to Dismiss by reference. For all the reasons stated therein, Plaintiffs' claims against any and all Fidelity related entity(ies) should be dismissed, Fidelity should be dismissed from the instant adversary proceeding, and Plaintiffs' Motions should be denied in their entirety.

## B. PLAINTIFFS' MOTIONS FAIL TO ASSERT A VALID CLAIM.

Plaintiffs' Motions (specifically, Doc. No(s). 17 and 18) apparently seek relief against the named Defendants under the Fraud Enforcement and Recovery Act of 2009 ("FERA"). Unfortunately for the purported Plaintiffs, the initial pleading filed in this adversary proceeding is devoid of any such claim, and Plaintiffs' Motions

4

must be denied. FED. R. BANKR. P. 7012; FED. R. CIV. P. 12(b)(6). Similar to the previous pleadings filed in this adversary proceeding, the Plaintiffs' convoluted and confusing recitation of purported "facts" supporting their FERA allegations in the motions at issue here fail to establish the requisite legal elements of any "plausible" claim against Fidelity, as contemplated by the Court's decisions in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1959, 1964-65 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). Moreover, Plaintiffs have not demonstrated standing to pursue a claim under FERA, pled any wrongdoing by any Fidelity entity actionable under FERA, or alleged the elements of a claim under FERA.

Certainly, the Plaintiffs have completely failed to satisfy the burden incumbent upon a movant for summary judgment under Federal Rule of Civil Procedure 56. Plaintiffs' Motions do not set forth any cognizable claim, or coherent basis for relief, against Fidelity and, consequently, fail to comport with the requirements of a summary judgment motion. FED. R. BANKR. P. 7056 and FED. R. CIV. P. 56.

Plaintiffs' conclusory claims for violations of the Discharge Order [Doc. No(s). 17 and 18 at pp. 4-6] are particularly unavailing, as they have nothing to do with Fidelity. Fidelity has not taken any action against any Plaintiff in violation of any Order of this Court. Plaintiffs have failed to establish any relationship between Fidelity and any named Plaintiff in this adversary proceeding, have failed to provide

5

Fidelity with notice of the basis for a claim, and have failed to plead the legal basis for relief against any Fidelity entity. Plaintiffs' Motions must, therefore, be denied.

### C. FIDELITY IS NOT IN DEFAULT.

Plaintiffs assert in their motions that unspecified "Defendants" have not timely answered the purported complaint in this adversary proceeding. Plaintiffs are incorrect. No Fidelity entity is in default. Rather, Fidelity timely responded to the intial pleading in this adversary proceeding and filed a Motion to Dismiss on November 16, 2009 [Doc. No. 16], even though the Complaint failed to name an existing Fidelity entity. Moreover, no Fidelity entity is liable to any named Plaintiff, nor is any Fidelity entity subject to the injunctive relief sought by the Plaintiffs in the motions at issue here. Fidelity is not in default, and Planitiffs' Motions are baseless as to any and all Fidelity related entities. Accordingly, Plaintiffs' Motions must be denied.

### CONCLUSION

For the foregoing reasons, FIDELITY NATIONAL TITLE GROUP, INC., by and through its undersigned counsel, requests that the Court deny Plaintiffs' Motions [Doc. No(s). 17, 18, 23 and 25] and grant Fidelity's Motion to Dismiss.

[SIGNATURE FOLLOWS ON NEXT PAGE]

This 28th day of December, 2009.

Respectfully submitted,

DICKENSON GILROY LLC

/s/   Monica K. Gilroy
MONICA K. GILROY
Georgia Bar No. 427520
**Attorney for Fidelity National Title Group, Inc.**

Corporate Office
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022
Tel: (678) 280-1922
Fax: (678) 280-1923
Email: Monica.Gilroy@dickensongilroy.com

## CERTIFICATE OF SERVICE

I certify that I am over the age of 18 and that, in accordance with BLR 5005-5 (Bankr. N.D. Ga.), I have this date electronically filed the within and foregoing *Fidelity National Title Group, Inc.'s Opposition to Plaintiffs' Motions* in the above-captioned adversary proceeding with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record in this matter, and, further, that I have served the Plaintiff, appearing *pro se*, with a copy of this pleading by placing a true and correct copy of same in the United States Mail, with first-class postage affixed thereto, properly addressed as follows:

Glenn Royce Favre
110 S. Columbia Drive #11
Decatur, Georgia 30030


This 28th day of December, 2009.

/s/   Monica K. Gilroy
MONICA K. GILROY
(Georgia Bar No. 427520)
**Counsel for Fidelity National Title Group, Inc.**

DICKENSON GILROY LLC
Corporate Office
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022
Tel: (678) 280-1922
Fax: (678) 280-1923
Email: Monica.Gilroy@dickensongilroy.com