UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**ENTERED ON**
**JAN 1 9 2010**
**DOCKET**

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) |
| **GLENN ROYCE FAVRE,** | ) **CASE NO. 08-85264 - MHM** |
| | ) |
| Debtor. | ) |
| | ) |
| GLENN ROYCE FAVRE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) **ADVERSARY PROCEEDING** |
| | ) **NO. 09-9069** |
| SUNTRUST BANKS HOLDINGS, | ) |
| *et al.*, FIDELITY NATIONAL | ) |
| FINANCIAL GROUP, *et al.*, | ) |
| GOLDMAN SACHS HOLDINGS, | ) |
| INC., *et al.* | ) |
| | ) |
| Defendants. | ) |

**ORDER DISMISSING COMPLAINT**

Debtor filed his complaint October 14, 2009. The title of Debtor's complaint is *Complaint for violations of TILA, RESPA, Reg.Z., Civil Rico, SEC, CFTC, Malice, Negligent Misrepresentation, Intent to Defraud Consumers, Civil False Claims*. In the text of the complaint, Debtor quotes several Florida criminal statutes. Interspersed in those quoted statutes, in brackets and all capital letters, are what appear to be some factual allegations, such as the following:

> Of those incidents which did occur, at least two of them had the same or similar [REDUCE PAYMENTS OR OBLIGATIONS TO THE FEDERAL GOVERNMENT I.E. TARP FRAUD] [UNJUSTLY ENRICH OR DEFRAUD INVESTORS] [ IN TANDEM WORKING TOGETHER AS CONDUITS TO DEFRAUD CONSUMERS AND INVESTORS AND THE FEDERAL GOVERNMENT] [GLENN R. FAVRE, SCOTT BENNETT, JOHN STOKES, BERNICE GRIFFIN, DARRYLL GRIFFIN, THE 13 WIMER CASES NC. THE FEDERAL GOVERNMENT] [PAYMENT TO PERPITRATE (sic) THE FRAUD BY INSURANCE FIRMS WITH UNDERWRITERS] or were interrelated by distinguishing characteristics and were not isolated incidents.

As can be noted from the above-quoted portion, even what appear to be Debtor's factual allegations are conclusory and fail to state any particularized facts. Page 9 of the complaint contains a list of eight counts with headings only and no factual allegations. Defendants have filed motions to dismiss.

Bankruptcy Rule 7008 incorporates Fed. R. Civ. Proc. 8(a)(2), which provides that a complaint that states a claim must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" In two recent cases, *Bell Atlantic Corp. V. Twombly*, 550 U.S. 554 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the United States Supreme Court has explored and explained the requirements and boundaries of Rule 8. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal* at 1949, *quoting Bell*

2

*Atlantic*, at 570. A complaint is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

*Iqbal* goes on to explain:

> [T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'...The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully....Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.

*Id.* The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

Debtor's complaint in this adversary proceeding is inadequate to state a claim for relief against any of the defendants. The text of the complaint is virtually unintelligible and contains very few non-conclusory factual allegations. The few factual allegations that are present do not support a claim for relief. For example, the complaint alludes to violations of the automatic stay by defendants continuing to contact Debtor as agent for Favre and Bennett LLC and by filing actions against John Stokes and Allen Scott Bennett. None of those entities,

3

however – Favre and Bennett LLC, John Stokes and Allen Scott Bennett – were entitled to protection by the automatic stay. Debtor's complaint provides no due process notice to the defendants of the claims against which they must defend. Accordingly, it is hereby

ORDERED that this adversary proceeding is *dismissed.*

The Clerk, U.S. Bankruptcy Court, is directed to serve a copy of this order upon Debtor, Defendants' attorneys, the Chapter 7 Trustee, and the U.S. Trustee.

IT IS SO ORDERED, this the 18th day of January, 2010.

_____
MARGARET H. MURPHY
UNITED STATES BANKRUPTCY JUDGE

# CERTIFICATE OF NOTICE

```
District/off: 113E-9              User: benningto              Page 1 of 1              Date Rcvd: Jan 19, 2010
Case: 09-09069                    Form ID: pdf592              Total Noticed: 5

The following entities were noticed by first class mail on Jan 21, 2010.
aty          +Charles K. McKnight, Jr.,   Nations, Toman & McKnight, LLP,   1230 Peachtree Street, NE,
               Suite 2050,   Atlanta, GA 30309-3537
aty          +Michael T. Nations,   Nations, Toman & McKnight, LLP,   Suite 2050 - Promenade II,
               1230 Peachtree Street, NE,   Atlanta, GA 30309-3574
aty          +Monica K. Gilroy,   Dickenson Gilroy LLC,   Corporate Office - Suite 140,   3780 Mansell Road,
               Alpharetta, GA 30022-1595
pla          +Glenn Royce Favre,   110 South Columbia Drive,   #11,   Decatur, GA 30030-5318
              S. Gregory Hays,   Hays Financial Consulting, LLC,   3343 Peachtree Road, NE, Suite 200,
               Atlanta, GA  30326-1420

The following entities were noticed by electronic transmission.
NONE.                                                                                                   TOTAL: 0
            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                   TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jan 21, 2010                        Signature: _Joseph Speetjens_